# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| WILLIAM R. TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:14-CV-162 JVB |
| ) | |
| MR. SEVIER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

William R. Tyler, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C § 1983. (DE 8.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This is Tyler's second attempt to plead his claims. His pleading is not a model of clarity, but given the nature of his filings and his other correspondence with the court, it does not appear that giving him a third opportunity to amend will result in a better pleading. Accordingly, the court will endeavor to screen the complaint as pleaded, giving it liberal construction and affording Tyler every favorable inference. Tyler is presently an inmate at Miami Correctional Facility ("Miami"). He claims that he is not receiving proper care for mental health issues, and that he is in need of medication and counseling. He claims that Peg Dawson, a doctor at Miami, repeatedly changed his medication, and then took him off all his medication and told him he should seek mental health care after his release from prison.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional

2

judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Tyler the inferences to which he is entitled at this stage, he has alleged a serious medical need with respect to his mental health problems. On the subjective prong, the complaint can be read to allege that Dawson failed or refused to provide him with proper treatment, not for any legitimate medical reason but because he is due to be released from prison soon. *See Berry v. Peterman*, 604 F.3d 435, 442-43 (7th Cir. 2010) (inmate had viable constitutional claim where evidence suggested that jail dentist "simply concluded that [the plaintiff] could endure his pain until his transfer back to the DOC several weeks later, when [he] would be the DOC dentist's problem, not hers"). Further factual development may show that the treatment he received was reasonable, but accepting his allegations as true, he has alleged enough to proceed on a claim against Dawson.

Tyler also names Mark Sevier, the warden at Miami, as a defendant. Sevier is not mentioned in the narrative section of the complaint, and instead Tyler appears to be trying to hold him liable as the official who oversees operations at the prison. However, there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d

612, 651 (7th Cir. 2001). Sevier can only be held liable for his own misconduct, not for an act or omission of another prison employee. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's."). There is no plausible basis to infer that Sevier was personally involved in the medical decisions made by Dawson and, accordingly, he will be dismissed as a defendant.

In a similar vein, Tyler sues Corizon Health Services ("Corizon"), the private company which provides medical care at the prison. It appears he is trying to hold the company liable because it employees Dawson. However, as noted above there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez*, 251 F.3d at 651; *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). However, Tyler does not allege, nor can it be plausibly inferred, that Corizon had an official practice or policy that caused his injury. Instead, the crux of his complaint is that Dawson has made poor decisions in connection with his care. Accordingly, Corizon will be dismissed as a defendant.

As a final matter, the court notes that Tyler was previously instructed that he could not raise unrelated claims against unrelated defendants in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Nevertheless, he has again asserted unrelated claims in the present pleading. In addition

4

to his medical care claims, he asserts that Lieutenant Teddour (first name unknown), the "J House" counselor, has interfered with his mail. He also mentions that he was attacked by another inmate in June 2014; although unclear, he appears to be trying to hold Teddour or Mr. Walls (first name unknown), the assistant warden, liable in connection with this claim. He cannot proceed with these unrelated claims in this lawsuit. In the interest of justice, his claims against Teddour and Walls will be dismissed without prejudice, should he wish to pursue them in a different lawsuit. *See Wheeler*, 689 F.3d at 683. This opinion does not purport to adjudicate any claim Tyler may have related to his mail or the attack by the inmate. The clerk will send him blank forms should he wish to file a new lawsuit or lawsuits, although the court provides no opinion about the potential merit of any claim he may have. He is advised that he will be required to pay an additional filing fee for any additional case that he files. 28 U.S.C. § 1915(b)(1).

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Peg Dawson in her individual capacity for monetary damages for denying him adequate medical care in violation of the Eighth Amendment;

(2) **DISMISSES WITH PREJUDICE** Mr. Sevier and Corizon Health Services;

(3) **DISMISSES WITHOUT PREJUDICE** Lieutenant Teddour and Mr. Walls as outlined herein;

(4) **DISMISSES** any and all other claims contained in the complaint;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Peg Dawson pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** Peg Dawson to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order; and

(7) **DIRECTS** the clerk to send the plaintiff two blank Prisoner 42 U.S.C. § 1983 Complaint packets.

**SO ORDERED** on July 9, 2014.

s/ Joseph S. Van Bokkelen<br>
Joseph S. Van Bokkelen<br>
United States District Judge