# United States District Court
# Northern District of Indiana

| | |
|---|---|
| WILLIAM R. TYLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:14-CV-162 JVB |
| vs. | ) |
| | ) |
| MR. SEVIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on defendant Peg Dawson's motion for summary judgment (DE 24), in which she asserts that William R. Tyler, a *pro se* plaintiff, did not exhaust his administrative remedies with respect to the claim he brought against her in this case, as required by 42 U.S.C. § 1997e(a).

Tyler was provided with a "Notice of Summary Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE 26.) That notice clearly informed him that unless he disputed the facts presented by the defendant, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Despite being given proper notice of the motion for summary judgment and numerous opportunities (DE 32, 34, 37), Tyler has not responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute

of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

In this case, Tyler was granted leave to proceed on a claim that during his detention at the Miami Correctional Facility ("Miami"), Peg Dawson violated his constitutional rights by denying him adequate medical care with respect to his mental health problems. (DE 12.) Peg Dawson moves for summary judgment, arguing that Tyler failed to properly exhaust his administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by

2

following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

There was an inmate grievance process in place while Tyler was housed at Miami. (Ex. E.) All inmates go through an orientation and are made aware of the Offender Grievance Process, which details the grievance process at Miami. (Ex. B; Ex. A ¶ 5.) Additional copies of the Offender Grievance Process are also available at the law library. (Ex. A ¶ 5.) The grievance process at Miami consists of three stages. (Ex. B.) First, an inmate must attempt to resolve the grievance informally. (Ex. A ¶¶ 6, 7; Ex. B.) If he is unable to obtain an informal resolution, he may submit a formal written complaint to the prison official or staff designated to accept grievances for his housing unit. (*Id.*) If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal within ten (10) working days from the date of receipt of the formal grievance response. (Ex. A ¶ 8; Ex. B.) The grievance process is complete when the inmate receives a response to his appeal. (*Id.*)

While housed at Miami, Tyler submitted only one (1) grievance form regarding his medical care. (Ex. A ¶ 10; Ex. C.) On February 11, 2014, he filed Grievance Number 80922. (Ex A ¶ 10; Ex. C.) He received a response to that grievance on March 14, 2014. (Ex. C at 1.) However, he did not appeal that formal grievance within ten working days from the date he received the formal grievance response. (Ex. A ¶ 10; Ex. C.) Thus, Tyler did not go through the entire grievance process for that claim. (Ex. A ¶¶ 10-11.)

The undisputed facts show that the jail had a grievance process in place at the time of these events, but Tyler failed to complete that process with respect to his claim that he was subjected to

3

inadequate medical care. Therefore, he did not properly exhaust his administrative remedies as to that claim before filing suit. *Pozo*, 286 F.3d at 1025.

For the foregoing reasons, the motion for summary judgment (DE 24) is **GRANTED** and this case is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED** on August 18, 2015.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division